**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00629-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Starr Hernandez, | |
| Defendant. | |

Before the Court is Defendant Starr Marie Hernandez's appeal (Doc. 11) of Magistrate Judge Eileen S. Willett's Detention Order (Doc. 10). For reasons that follow, the Motion is denied.

**I.     BACKGROUND**

Defendant faces one charge for possessing fentanyl with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi). (Doc. 13.) The charge arises from Defendant's alleged transportation of 15.3 kilograms of fentanyl across the United States-Mexico Border. (Doc. 1 at 3.) Defendant was temporarily detained pending a detention hearing. (Doc. 2.) Following a detention hearing, the Magistrate Judge found that probable cause exists to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act. (Doc. 10 at 1.) The Magistrate Judge further found that there is a serious risk Defendant will flee and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. (*Id.* at 2.) Accordingly, the Magistrate Judge

ordered Defendant detained pending trial. (*Id.* at 3.)

Defendant has moved to revoke the Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b). (Doc. 11.) The Court has considered Defendant's appeal (Doc. 11), the Government's response (Doc. 17), the Complaint (Doc. 1), the Pretrial Services Bail Report and Addendum (Docs. 5, 7), the Indictment (Doc. 13), and the transcript of the detention hearing.

## II.   LEGAL STANDARD

When a magistrate judge orders the detention of someone charged with a crime, "the person may file . . . a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court reviews a detention order *de novo*, giving no deference to the magistrate judge's findings. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). In doing so, the district court may, but is not required to, conduct additional evidentiary hearings. *Id*.

The Bail Reform Act enumerates the seven categories under which the Government may move for pretrial detention. 18 U.S.C. § 3142(f)(1)(A)–(E), (2)(A)–(B). Four categories consider the crime charged, including whether the defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act. *See* 18 U.S.C. § 3142(f)(1)(A), (B), (C), (E). The remaining categories involve cases in which the defendant has a particular set of prior convictions, cases that involve a serious risk of flight, and cases involving obstruction of justice, witness tampering, or jury tampering. 18 U.S.C. § 3142(f)(1)(D), (2)(A)–(B). The Government has the burden to show by a preponderance of the evidence that a case falls into one of these categories. *See United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 782 (W.D. Wash. 2019) (citing *United States v. Friedman*, 837 F.2d 48, 49 (2d. Cir. 1988)).

A presumption attaches when there is probable cause to believe that a defendant has violated a provision of the Controlled Substances Act punishable by at least 10 years in prison. 18 U.S.C. § 3142(e)(3)(A). In those situations, the rebuttable presumption is that no conditions or combination of conditions will reasonably assure the appearance of the

defendant or the safety of the community. *Id*. This presumption shifts the burden of production to the defendant, but the burden of persuasion remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). If a defendant proffers evidence to rebut the presumption of dangerousness or flight risk, the Court then considers four factors in determining whether to detain or release the defendant: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against Defendant; (3) the history and statutorily specified characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that Defendant's release would pose. *Id*.; *see also* 18 U.S.C. § 3142(g)(1)–(4). "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Hir*, 517 F.3d at 1086.

A finding that a person presents a danger to the community must be proved by clear and convincing evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government's burden in denying bail on the basis of flight is by a clear preponderance of the evidence. *Id*. at 1407. If the Court determines that release is warranted, the defendant must be released under the least restrictive condition or combination of conditions that will reasonably assure the safety of the community and the appearance of the person as required. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

### III. ANALYSIS

#### A. Rebuttable Presumption

The Bail Reform Act creates a rebuttable presumption that a defendant must be detained if there is probable cause to believe that she violated a provision of the Controlled Substances Act that is punishable by a maximum term of imprisonment of 10 years or more. 18 U.S.C. § 3142(e)(3)(A). Based on a review of the Indictment, the Court finds that such probable causes exists. *See United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992) ("The indictment itself is sufficient to support a finding of probable cause."). Defendant is charged with knowingly possessing 15.3 kilograms of fentanyl with intent to

distribute in violation of 21 U.S.C. § 841(a)(1), which carries a minimum sentence of 10 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(vi). The burden of production, thus, shifts to Defendant. *See Hir*, 517 F.3d at 1086. The Pretrial Services Report Addendum notes the possibility of Defendant's grandmother, who lives in California, as a third-party custodian. (Doc. 7 at 1–2). The Court concludes that Defendant met her burden of production. The Court will, therefore, consider the four factors specified in 18 U.S.C. § 3142(g)(1)–(4).

### B. Flight Risk

The Court finds that the Government has met its burden of showing, by a preponderance of the evidence, that Defendant poses a serious flight risk and no conditions or combinations of conditions will reasonably ensure Defendant's appearance.[1] In making this determination, the Court has considered the nature and circumstances of the offense, which is serious and carries a minimum sentence of 10 years imprisonment upon conviction. *See* 21 U.S.C. § 841(b)(1)(A)(vi). According to the Complaint, Defendant drove a vehicle to a border checkpoint and presented herself for entry into the United States. (Doc. 1 at 3.) While conducting a primary inspection, a Customs and Border Protection Officer ("CBPO") observed tampering on the undercarriage of the vehicle and referred Defendant to a secondary inspection. (*Id.*) The vehicle was driven through a Z-portal X-ray, which revealed anomalies in the center console of the vehicle. (*Id.*) Upon a search of the vehicle, a CBPO discovered 10 large plastic bags containing blue M-30 pills and four brick shaped packages containing a white powdery substance in Defendant's vehicle. (*Id.*) Both the pills and the powder tested positive for fentanyl. (*Id.*) The Complaint further states that agents obtained consent to search Defendant's cell phone. (*Id.* at 4.) In her cell phone, Defendant had several text messages with a Phoenix-based phone number consistent with her border-crossing history. (*Id.*)

The Court has also considered the weight of the evidence against Defendant. The

---

[1] The Government also argues that Defendant poses a danger to the public. (Doc. 17 at 10.) Because the Court finds that Defendant is a serious flight risk, the Court need not address the argument concerning whether the Defendant poses a danger to the public.

- 4 -

Court, nevertheless, assigned little weight to this factor in making the detention decision. *Cf. Motamedi*, 767 F.2d at 1408.

Additionally, the Court considered the statutorily specified aspects of Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3)(A), (B). "As to the history and characteristics of the person, the court may consider the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, prior criminal history, and other factors." *Chen*, 820 F. Supp. at 1208. The Court has reviewed the Pretrial Services Bail Report and Addendum (Docs. 5, 7) and derives the following factual recitation therefrom. Although Defendant is a United States citizen, she has resided in Mexico for the last three years.[2] (Doc. 5 at 1–2.) Defendant could not provide a street address for her residence in Mexico. (*Id.* at 2.) Defendant indicated that she only occasionally enters the United States whenever she needs to run errands. (*Id.*) Defendant is unemployed and relies on her girlfriend for financial support. (*Id.*) Her girlfriend resides in Mexico and does not have lawful status to enter the United States. (*Id.*) Defendant has little cash and no other assets. (*Id.*) She admitted to using marijuana daily for the last five years and occasionally consuming alcohol. (*Id.*) Defendant was previously arrested for conspiracy to commit a felony in 2015, though no complaint was ever filed.[3] (*Id.*) These facts weigh heavily in favor of detention. On the other hand, Defendant's parents and four siblings are United States citizens and reside in California.[4] (*Id.*) Defendant also resided with her grandmother in California most of her life when she was a minor. (Doc. 7 at 1–2.) All in all, the Court finds the statutorily specified aspects of

---

[2] At the detention hearing before the Magistrate Judge, Defendant stated that she has resided in Mexico for the last three years. Transcript of Detention Hearing at 8–9, *United States v. Hernandez*, Case No. 2:21-CR-00629-MTL-1. The Court notes, however, that Defendant had previously informed Pretrial Services she has resided in Mexico for the last five years. (Doc. 5 at 2.) Defendant's Grandmother appears to have verified the five-year residency with Pretrial Services before the hearing. (Doc. 7 at 1–2.) Regardless, the Court finds either length of time, combined with other relevant factors, establish Defendant's strong ties to Mexico.

[3] The Pretrial Services Bail Report notes that the investigation does not account for the time Defendant has been living in Mexico, for which no criminal records are available. (*Id.*)

[4] Although Defendant's father resides in California, he is presently incarcerated and is unable to monitor Defendant. (*Id.*)

Defendant's history and characteristics weighs in favor of detention.

Defendant asks that the Court allow her grandmother, who resides in Visalia, California, to serve as a third-party custodian. (Doc. 11 at 6.) Defendant also proposes she be placed on electronic monitoring. (*Id.*) The Court is not satisfied that releasing Defendant to her grandmother, even with electronic monitoring and other proposed conditions, would reasonably assure her appearance as required. Given the seriousness of the alleged offense, the potential sentence Defendant faces, Defendant's significant ties to Mexico, and Defendant's history of substance abuse, the Court finds that the Government has met its burden of showing, by a clear preponderance of the evidence, that Defendant poses a serious flight risk and no conditions of release will reasonably ensure her appearance. The Court will, therefore, deny Defendant's appeal.

**IV.  CONCLUSION**

**IT IS THEREFORE ORDERED** denying Defendant's Appeal of the Magistrate Judge's Detention Order pursuant to 18 U.S.C. § 3145(b).  (Doc. 11.)

Dated this 25th day of August, 2021.

Michael T. Liburdi
United States District Judge